## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROBERT LEWIS KROPA, JR.,**

      **Petitioner,**

**vs.**                               **Case No. 8:16-cv-2612-T-27MAP**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

      **Respondent**

_____/

### ORDER

Petitioner, a Florida inmate, filed a *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 7, 2016 (Dkt. 1). Before the Court is Respondent's Motion to Dismiss Petition As Time-Barred (Dkt.8) and Petitioner's response (Dkt. 11). Upon consideration, the Motion to Dismiss is GRANTED.

### Procedural Background

Petitioner was originally convicted of strong arm robbery and robbery in Polk County, Florida in Case Nos. CF95-4759 and CF95-4760, and received concurrent split sentences of 10 years in prison, followed by 20 years of probation as a HFO (habitual felony offender) (Appx. Exh. 1; Dkt. 2-1, p. 10-11; Exh. 4).[1] The record reflects that he subsequently violated probation three times.

On January 28, 2005, he admitted to having violated probation, his probation was revoked,

---

[1] In Florida, a "a true split sentence [] consists of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." *State v. Akins*, 69 So. 3d 261, 269 (Fla. 2011).

and he was sentenced 5 years in prison and 2 years of community control as a habitual felony offender pursuant to a negotiated plea agreement (Appx. Exhs. 4, 5, 6).[2]

On June 11, 2009, he again admitted to having violated probation and was sentenced to two years of community control, followed by probation (Dkt. 2- 1, p. 5) (Transcript of June 11, 2009 revocation hearing) (Appx. 4, 5, 6). Significantly, at least from Petitioner's perspective, the record, including the transcript of the revocation hearing, indicates that he was not sentenced as a habitual offender on that occasion (Dkt. 2-1, p. 13).

On February 16, 2012, his probation was revoked a third time and he was sentenced to 20 years in prison as a habitual felony offender *pursuant to a negotiated plea as a habitual felony offender,* with the notation on his Felony Plea Form that he was "previously designated HFO." (Appx. Exh. 1, Exh. 2, p. 6; Exh. 3, p. 6).[3]

On June 28, 2013, more than a year after his most recent probation revocation became final, he filed a motion to correct sentence in state court, which was denied on July 19, 2013. He did not appeal. On July 15, 2014, he filed an emergency motion to correct illegal sentence (Appx. Exh. 6), which was denied by the state court. Rehearing was granted, but the motion was again denied. The Florida Second District Court of Appeal affirmed, and its mandate issued on April 6, 2016. His petition for review in the Florida Supreme Court was dismissed on September 7, 2016. That same day, Petitioner's federal petition was placed in the mail for filing.

### Federal Habeas Petition

In his petition, Petitioner challenges the February 2012 judgments and sentences (rendered

---

[2] The Appendix to Respondent's Motion to Dismiss is found at Dkt. 10.

[3] Relevant to Ground Two, that sentence was a "below guidelines disposition" (Id.).

on March 1, 2012), contending that it was error under the Equal Protection Clause to sentence him as a habitual offender in 2012, when he was not sentenced as a habitual offender when his probation was revoked in 2009.

Specifically, in Ground One, Petitioner contends that he was not sentenced as a habitual felony offender in June 2009, and was therefore illegally sentenced as a habitual felony offender when his probation was revoked in 2012. In Ground Two, he contends that the state court ignored his sentencing guidelines in imposing the habitual offender sentence. In Ground Three, he contends he was denied equal treatment under the law under the Equal Protection clause of the Fourteenth Amendment. His supporting memorandum is devoted exclusively to his claim that he was denied equal treatment under the law when the state courts upheld his sentence as a habitual offender (Dkt. 2, p. 9).

Apparently appreciating that his federal petition was untimely, he asserts that he is "actually innocent of the H.F.O. designation" and was not aware that he was unlawfully sentenced as a habitual offender when his probation was revoked in 2012 until "28 months after he was sentenced" (Dkt. 2, p. 3; Dkt. 9, p. 6). His claim of "credible newly discovered evidence" is the transcript of his June 2009 revocation hearing (Dkt. 2, p 3, 7).

**Motion to Dismiss**

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), correctly pointing out that more than one year passed after Petitioner's probation violation sentence became final before he filed any post conviction applications in state court (Dkt. 8). The question presented by Respondent's motion is whether Petitioner has made a credible showing of actual innocence of being a habitual felony offender to overcome the Antiterrorism and Effective Death Penalty Act

3

(AEDPA) time-bar.

The AEDPA establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition:

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**Petition is untimely under AEDPA**

As noted, Petitioner did not appeal his 2012 probation revocation, which was rendered on March 1, 2012. His convictions therefore became final on April 2, 2012, when the time for filing an appeal expired. *See Armstrong v. State*, 148 So.3d 127 (Fla. 2d DCA 2014) (judgment final 30 days after its rendition, when the time to appeal expires). Under § 2244(d)(1)(A), Petitioner had until April 2, 2013, absent any tolling motions, within which to file a timely federal habeas petition. No tolling

motions were filed within that one year period. His habeas petition was filed more than three years after the one year limitation period expired. The petition is therefore untimely.[4]

**Actual innocence exception to AEDPA time-bar**

The AEDPA's one year limitation bar can be overcome if a petitioner makes a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."). However, that showing requires the petitioner to identify new evidence demonstrating actual innocence. *Id.* at 1935.

**No credible showing of actual innocence**

Petitioner has not made a credible showing of actual innocence. First, Petitioner identifies no new evidence of actual innocence. Rather, he relies on the transcript of his 2009 revocation hearing, contending that he did not realize he had been erroneously sentenced as a habitual offender in 2012 until he read the transcript. Assuming that a transcript can constitute evidence, the 2009 transcript is not new evidence, since it would have been available to Petitioner in 2009. Moreover, Petitioner was present when he was sentenced in 2009, and therefore the transcript disclosed nothing new. What Petitioner is actually contending is that he discovered a new claim of error when he read the transcript, not that he discovered new evidence.

Second, actual innocence means factual innocence, not legal insufficiency. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Johnson v. Florida Dep't Of Corr.*, 513 F.3d 1328, 1334 (11th

---

[4] Under § 2244(d)(1)(D), a petitioner would have one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" within which to file his habeas petition. That provision is of no help to Petitioner. He knew on March 1, 2012 that he was designated as a habitual offender because he negotiated that disposition as part of his plea agreement. And he knew or should have known that he was not so designated when he was sentenced for violating probation in June 2009.

Cir. 2008); *Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) ("The actual-innocence exception is 'exceedingly narrow in scope' because it requires that the defendant establish that he was, in fact, innocent of the offense, not merely legally innocent, even in the sentencing context.").

Informative, in the procedural default context, is that a defendant's claim that he has been erroneously designated as a career offender is considered "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." *McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011), citing with approval *United States v. Pettiford,* 612 F.3d 270, 284 (4th Cir. 2010), in which the "Fourth Circuit expressly clarified that the actual innocence of sentence exception 'applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Id.*[5] That is not what Petitioner is claiming.

Indeed, Petitioner acknowledges that his claims present a "pure question of law that relates to Petitioner being sentenced on 11 June 2009 to a 'non-habitual sentence,' apparent on the face of the court record at his violation of probation hearing" (Dkt. 2, p. 7). His claim is therefore not a claim of factual innocence but rather, as Respondent correctly argues, a claim legal innocence. Petitioner's petition is therefore untimely and subject to dismissal.

**Claimed constitutional violation**

Finally, in this circuit, "a petitioner must show that his conviction resulted from a 'constitutional violation'" to successfully plead actual innocence and avoid the AEDPA limitations

---

[5] *See Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012) ("While all of these cases involve procedural default and not AEDPA's statute of limitations, their discussion of what constitutes factual versus legal innocence is informative, especially since the circuits diverge to some extent").

bar. *Johnson*, 513 F.3d at 1334. Petitioner's constitutional claim is based on two Florida cases, *Roberts v. State*, 67 So.3d 430 (Fla. 4th DCA 2011) and *State v. Akins*, 69 So.3d 261 (Fla. 2011). In *Akins*, the Florida Supreme Court reasoned that a defendant who was designated a habitual offender before being sentenced to a split sentence, and is later revoked and sentenced for violating probation without the habitual offender designation being repeated, loses his status as a habitual offender. The Court held that the subsequent habitual offender sentence constitutes an illegal sentence and violates double jeopardy. *Akins*, 69 So. 3d at 270.[6]

Petitioner's circumstance is distinguishable from *Akins*. In its order denying Petitioner's Emergency Motion to Correct an Illegal Sentence, the state trial court found that "Defendant was sentenced as a habitual felony offender on February 16, 2012 pursuant to a negotiated plea agreement [and that] [t]he negotiated plea agreement indicates that the Defendant *agreed to be sentenced as a habitual felony offender* in the above entitled cases while indicating that he had previously been designated a habitual felony offender" (Dkt. 2-1, p. 14; Appx. Exh 11, p. 2) (emphasis added). The record confirms the state court's finding that Petitioner was sentenced as a habitual offender pursuant to a negotiated plea agreement (Appx. Exh. 1, Exh. 2, p. 6; Exh. 3, p. 6).

Petitioner does not acknowledge, let alone address, his negotiated plea agreement in which he agreed that he would be sentenced as a habitual offender. Yet, as his Emergency Motion to Correct Illegal Sentence filed in July 2014 demonstrates, he was very much aware of being sentenced as a habitual offender in 2012, since he paraphrased his colloquy with the sentencing judge about that very fact: "When the sentencing judge asked the Defendant if he understood the state's position concerning

---

[6] Although Petitioner expressly relies on the equal protection clause of the Fourteenth Amendment, his claim of constitutional error is liberally construed to include a claim of violation of the double jeopardy clause, based on the cases he relies on.

7

the H.F.O. status, the Defendant acknowledged in fact that his original 1995 sentence was designated as an H.F.O" (Appx. Exh.6, p. 6).

Unlike *Akins*, Petitioner agreed that he would be sentenced as a habitual offender during the 2012 sentencing as part of a negotiated plea agreement. Accordingly, his reliance on *Atkins* and *Roberts* for his claimed constitutional violation is misplaced.

## Evidentiary Hearing

An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

## Conclusion

Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1) is DENIED as time-barred. The Clerk is directed to enter judgment against Petitioner and close this case.

## Certificate of Appealability

A certificate of appealability will issue only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). I find Petitioner can meet that threshold.

Jurists of reason would find debatable whether Petitioner states a valid claim of the denial of a constitutional right as recognized in *State v. Akins, supra*. And jurists of reason would find debatable whether his claim of actual innocence of being a habitual offender when he was sentenced in 2012 is sufficient to overcome the AEDPA time-bar and provide a gateway for federal review of his constitutional claim. Accordingly, I grant a certificate of appealability on the following question:

Whether the actual innocence exception to an otherwise time-barred constitutional claim recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) applies to an erroneous recidivist enhancement, specifically Florida's habitual felony offender enhancement? *See Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) ("We now hold that the actual innocence exception applies to noncapital sentencing procedures involving a career or habitual felony offender'), *vacated and remanded sub nom. Dretke v. Haley*, 541 U.S. 386, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004).

**DONE AND ORDERED** this ___23rd___ day of January, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, *pro se*, Counsel of record

9